IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-98-089 |
| | § | CRIMINAL ACTION NO. H-98-180 |
| FRANCISCO ROJOAS-ARCILA | § | |

## MEMORANDUM AND ORDER

The defendant, Francisco Rojas-Arcila, has filed a motion requesting the government to respond to his repeated inquiries about the failure to file a Rule 35(b) motion to reduce his sentence. Rojas-Arcila asserts that he was interviewed in 2004 by an Assistant United States Attorney and federal agents and that he answered their questions freely. The questions related to the criminal activities of another Colombian who had been extradited from that country for trial in Houston. According to Rojas-Arcila, the AUSA told him that he was pleased with the assistance provided and would be asking for a sentence reduction. Ten days later, Rojas-Arcila was taken to Houston to help the government in its case against the individual awaiting trial. He was joined by his codefendant, Alvaro Arroyave. Neither Rojas-Arcila nor Arroyave had to testify against the individual who had been extradited, however, because he pleaded guilty.

Sometime later, Rojas-Arcila learned that the government had filed a Rule 35(b) motion on Arroyave's behalf. The correspondence Rojas-Arcila cites states that Arroyave had provided assistance that resulted in the seizure of 12 kilos of heroin and had provided information instrumental in obtaining the guilty plea that made it unnecessary for either Rojas-Arcila or Arroyave to testify. Rojas-Arcila wrote a number of letters to the AUSA asking why he had not received a

Rule 35(b) motion. The government has not responded. Rojas-Arcila asks for a court order compelling them to do so.

Rule 35(b) gives the United States authority to move the court to reduce a sentence in recognition of substantial assistance to the government in the investigation and prosecution of another person. It is well settled the government is under no obligation to file a motion for reduction of sentence under Rule 35(b), despite whatever assistance the defendant might give. *See United States v. Grant*, 493 F.3d 464, 467 (5th Cir.2007), *citing Wade v. United States*, 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Rule 35(b) incorporates the standards set out in § 5K1.1. *See United States v. Lopez*, 26 F.3d 512, 523 (5th Cir.1994) (describing Rule 35(b) as "§ 5k1.1's post-sentencing analog"). The government has discretion to determine whether a defendant's assistance warrants the filing of a Rule 35(b) motion, and the government's refusal to file a Rule 35(b) motion is not reviewable unless that refusal is based on an unconstitutional motive, such as race or religion, *see Wade*, 504 U.S. at 185, 112 S.Ct. 1840, or the government has "bargain[ed] away" its discretion, *United States v. Price*, 95 F.3d 364, 367–68 (5th Cir.1996).

Rojas-Arcila asserts that he recognizes the government's discretion. He nonetheless emphasizes why he believes he should receive a reduced sentence. There is no legal basis for this court to grant the relief Rojas-Arcila seeks, either in the form of an order compelling the government to respond to his requests for a reduced sentence or an order compelling the government to file a motion for a reduced sentence. The decision to file a motion for sentence reduction under either Rule 35(b) or § 5K1.1 is in the sole, nonreviewable discretion of the United States Attorney. There is no evidence or argument in this record that the government has refused to file a Rule 35(b) motion on Rojas-Arcila's behalf as the result of improper or unconstitutional motive. Although the court

understands the frustration created by the government's failure to respond to the defendant's letters, under the circumstances of this case, this court concludes the government's failure to do so and refusal to file a Rule 35(b) motion are not reviewable.

The defendant's "Motion Requesting a Government's Response," Docket Entry No. 343 in 98cr89 and Docket Entry No. 167 in 98cr180, is denied.

SIGNED on July 9, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge